WICKER, J.,
dissents with reasons.
|tI respectfully dissent. In my view, La. R.S. 9:5625 governs and the trial judge properly sustained the Parish’s exception of prescription insofar as the alleged use violations.
La. R.S. 9:5625(A)(1) and (3) provides:
A. (1) All actions civil or criminal, created by statute, ordinance, or otherwise, except those actions created for the purpose of amortization of nonconforming signs and billboards enacted in conformity with the provisions of R.S. 33:4722, which may be brought by parishes, municipalities, or their instrumentalities or by any person, firm, or corporation to require enforcement of and compliance with any zoning restriction, building restriction, or subdivision regulation, imposed by any parish, municipality, or an instrumentality thereof, and based upon the violation by any person, firm, or corporation of such restriction or regulation, must be brought within five years from the first act constituting the commission of the violation.
[[Image here]]
(3) With reference to violations of use regulations all such actions, civil or criminal, except those actions created for the purpose of amortization of nonconforming signs and billboards in conformity with the provisions of R.S. 33:4722, must be brought within five years from the date the parish, municipality, and the properly authorized instrumentality or agency thereof if such agency has been designated, first had been actually notified in writing of such violation.
According to R.S. 9:5625, a claim to enforce a zoning violation must be brought within five years from the first act constituting the commission of the violation. However, if the violation in question is a violation of use regulations, the action must be brought within five years from the date the parish, municipality Lor their properly authorized instrumentality or agency first had been notified in writing of such a violation. After the five-year prescription has accrued, the particular property thereafter “shall enjoy the same legal status as land uses ... made nonconforming by” other provisions of the zoning ordinance. R.S. 9:5625(B).
At the hearing below, the defendants introduced evidence that the Parish had written notice of the alleged violations on August 19, 1999. The Parish contends that prescription has not run because it runs anew with each violation as provided in Appendix A, Section 12A, which pertinently provides: “Each day such violation continues shall constitute a separate violation.”
The trial judge concluded that R.S. 9:5625 governed and the claims were prescribed. He relied on R.S. 9:5625(E), which provides: “The provisions of this Section shall supersede any other provisions of law inconsistent herewith.”
*899 The majority concludes that Lafayette City Parish Consolidated Government v. Dien’s Auto Salvage, Inc., 05-201 (La.App. 3 Cir. 11/2/05), 916 So.2d 384 and Lafayette City-Parish Consol. Government v. Fitch, 03-377 (La.App. 3 Cir. 10/1/03), 856 So.2d 1276, cert. granted in part on other grounds, 03-3352 (La.3/19/04), 869 So.2d 783 control. I disagree. In my view, these cases are distinguishable.
In both cases involving similar facts, the Third Circuit found that the City-Parish’s abatement action to enforce an ordinance imposing stringent fencing requirements on salvage yards was not prescribed. The ordinance provided that ongoing daily violations constituted new offenses, and the owners had never complied with the fencing ordinance. The court concluded that the violations were ongoing and the five-year prescriptive period began anew each day a violation continued. Lafayette City-Parish Consol. Government v. Fitch, 03-377 at 11-12, 856 So.2d at 1284; Lafayette City Parish Consolidated Government v. Dien’s Auto Salvage, Inc., 05-201 at 15-16, 916 So.2d at 394-95.
In its more recent case of Lafayette City Parish Consolidated Government v. Dien’s Auto Salvage, Inc., the court noted, however, that although the “anew” language in the ordinance seemed to be in conflict with the “first act” requirement of prescription article La. R.S. 9:5625, there was no conflict in that case. 05-201 at 12, 916 So.2d at 393. The court explained:
For example, if Defendants had constructed a fence enclosure in substantial compliance with 0-363-97, sometime after the effective date of December 1, 1998, but painted it red, the City Parish could not wait five years and a day to bring an action for abatement based upon the color of the fence being out of compliance. The City-Parish would have to bring their action to remedy the problem within the five-year prescriptive period of La. R.S. 9:5625, or by December 1, 2003. However, where the Defendants did not construct a fence enclosure or argue that they came anywhere near substantial compliance with the 1997 or 1998 Ordinance, every day that Defendants do not build a fence is a new and separate violation of the fence enclosure provisions. Essentially, prescription begins anew with regard to the non-existent fence enclosure.
Id., 05-201 at 12-13, 916 So.2d at 393.
In the present case, the defendants, unlike those in the Third Circuit cases, did not allegedly violate an ordinance that required them to comply with building in a certain manner. Instead, they allegedly violated an ordinance that prohibited them from operating a business in the manner described.
Therefore, under these factual circumstances, R.S. 9:5625 supersedes the inconsistent Parish ordinance. R.S. 9:5625(E). And under the clear wording of R.S. 9:5625, the Parish’s action insofar as use violations has prescribed.
Accordingly, I would affirm the judgment sustaining the exception of prescription.